IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CR-135 |
| ) | (Varlan/Shirley) |
| PUN WUN CHAN and ) | |
| KIM YIN YAP ) | |
| Defendants ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 25, 2007 for a pretrial conference. Assistant United States Attorney William Mackie appeared on behalf of the government. Attorney Bryan Delius appeared on behalf of defendant Pun Wun Chan. Attorney Charles Torres was present on behalf of defendant Kim Yin Yap. Neither defendant was present in the courtroom. Mr. Delius and Mr. Torres stated that they were prepared to proceed in the absence of the defendants, having previously discussed with their respective clients the nature of the appearance before the Court.

At the pretrial conference, Mr. Delius and Mr. Mackie reported that the issues pertaining to Rule 16 discovery brought to the Court's attention in a series of pretrial motions [Doc. 12], [Doc. 14], [Doc. 15] and [Doc. 16] had been resolved by the parties and were now moot. Mr. Mackie, Mr. Delius and Mr. Torres each indicated that there were no issues of Rule 16 discovery

for the Court to address at this time. Accordingly, [Doc. 12], [Doc. 14], [Doc. 15] and [Doc. 16] are **DENIED** as moot.

The Court then turned its attention to the Joint Motion for Continuance of Trial Date, filed January 16, 2007 [Doc. 17]. Defense counsel stated that the need for thorough review of the substantial material provided in discovery necessitates a continuance of the trial date. Both Mr. Delius and Mr. Torres reported to the Court that their clients understood their individual right to a speedy trial and agreed with the need for a continuance.

The government agreed that a continuance of the trial was necessary. All parties confirmed their agreement that a continuance of the trial was necessary and appropriate, as expressed in the Joint Motion for Continuance of Trial Date [Doc. 17]. All parties agreed that all the time between the hearing and the new trial date would be fully excludable under the Speedy Trial Act.

The Court agrees with the parties that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Given the approaching January 31, 2007 trial date, the Court finds that the failure to grant a continuance would deprive the defendants of the time to review materials provided by the government and pursue any pretrial motions that may be warranted. See 18 U.S.C. § 3161(h)(1)(F). In addition, should pretrial motions be filed, the Court will need time to conduct a hearing and prepare a Report and Recommendation to the District Court on any such motion. See 18 U.S.C. § 3161(h)(1)(J). The Court finds that all of this could not take place before the January 31, 2007 trial date. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the parties' joint motion to continue is **GRANTED**. The trial of this matter is reset to **May 22, 2007 at 9:00 a.m.** before the Honorable Thomas A. Varlan, United States District Judge. All motions shall be filed in this case no later than **February 26, 2007.** Responses to these motions will be due on **March 12, 2007.** A pretrial conference shall be held at **10:00 a.m. on May 14, 2007**, before this Court. Any reciprocal discovery shall be provided by the date and time of the pretrial conference.

The Court also finds, and the parties agree, that all the time between the January 25, 2007 hearing and the new trial date of May 22, 2007 is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge